```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

LETHA MAE JOHNSON,              )
                                )
         Plaintiff,             )
                                )
v.                              )  Case No. CIV-13-380-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
         Defendant.             )
```

## REPORT AND RECOMMENDATION

Plaintiff Letha Mae Johnson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 19, 1961 and was 50 years old at the time of the ALJ's decision. Claimant completed her high school education and some training in early childhood education. Claimant has worked in the past as a bakery worker, Head Start caretaker, cashier, and job coach. Claimant alleges an inability to work beginning December 18, 2009 (later amended at the hearing

3

to March 11, 2010) due to limitations resulting from problems with her back, neck, and legs.

## Procedural History

On March 25, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Charles Headrick ("ALJ") on September 19, 2011 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on October 28, 2011. On June 14, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly rejecting the opinion of Claimant's neurologist; (2) failing to

4

discuss an MRI report containing opinions of Claimant's treating physician; (3) ignoring the opinions of Claimant's treating chiropractor; and (4) the Appeals Council failing to include the records supplied to it to permit a proper *de novo* review by this Court.

**Evaluation of the Opinion of Claimant's Neurologist**

In his decision, the ALJ determined Claimant suffered from the severe impairments of morbid obesity and degenerative disc disease of the cervical and lumbar spines. (Tr. 18). He concluded that Claimant retained the RFC to perform her past relevant work as a job coach, cashier, and teacher aide. (Tr. 21). In so doing, the ALJ found Claimant retained the RFC to lift/carry 20 pounds occasionally, 10 pounds frequently, could stand/walk for about 6 hours in an 8 hour workday and sit for about 6 hours with normal breaks. The ALJ found Claimant had no postural limitations. (Tr. 19). Alternatively, after consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of fast food worker, hand packager, office helper, cashier, food order clerk and charge account clerk, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 22). As a result, the ALJ determined Claimant was not disabled for the relevant period. (Tr. 22-23).

5

Claimant contends the ALJ failed to provide specific and legitimate reasons for rejecting Claimant's neurologist's report on the severity of her back impairment. On August 22, 2011, Claimant went to Dr. C. William Lutton, a neurologist, with complaints of pain in the left leg feeling like pins and needles and burning over 3 years. (Tr. 468). Dr. Lutton ordered an EMG test which showed Claimant had acute and chronic and denervation along the S1 myotome and decreased sural sensory amplitude. (Tr. 471).

The ALJ makes reference to Dr. Lutton's study in his decision but ultimately gives his opinion "little weight" because "[t]here is no medical opinion from Dr. Lutton about the significance of his findings to [Claimant's] work capacities." (Tr. 21). Before rejecting the opinion of a treating physician, the ALJ must evaluate the opinion citing all of the factors set out in the regulations and the ALJ must "provide specific, legitimate reasons for rejecting it." Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). In this case, the ALJ's basis for rejecting the medical opinion of Dr. Lutton was that he did not provide an opinion on the effect of the impairment or condition upon Claimant's ability to engage in work. This does not represent a legitimate reason for rejecting a treating physician's opinion as many medical diagnoses are not immediately accompanied by a functional analysis. If the

6

ALJ found that such evidence was lacking, he certainly had evidence in the record of the existence of the condition and should have inquired of Dr. Lutton or ordered the appropriate consultative examination to determine the functional effect of the condition. On remand, the ALJ shall re-evaluate Dr. Lutton's opinion and take such further action is required to adequately develop the record to ascertain the functional limitation, if any, caused by the condition cited by Dr. Lutton.

### Discussion of MRI Evidence

On March 15, 2010, Claimant was sent for an MRI evaluation. The preliminary report indicated mild narrowing in the lumbar spine at L4/L5 and L5/S1. The report is not contained in the record but it was reviewed by Claimant's physician, Dr. Paul Hobbs. Dr. Hobbs concluded in a handwritten note that Claimant had degenerative joint disease with nerve compression. (Tr. 287). The ALJ does not discuss this opinion in his decision. Given the fact the full MRI is not in the record and the ambiguity of the handwritten note, the ALJ shall insure that the totality of the medical records are contained in the record and re-evaluate whether this notation indicates Dr. Hobbs' opinion.

### Evaluation of Treating Chiropractor's Opinion

Beginning July 30, 2009, Claimant began a course of treatment

with Dr. Robert P. Mitchell, a chiropractor. On April 20, 2010, Dr. Mitchell opined after his examination and treatment that Claimant's ability to do work-related activities such as standing, walking, lifting, carrying, or handling objects repetitiously at between 0% and 25%. Sitting and speaking was between 25% and 50%. He mental faculties were 100%. (Tr. 304).

The ALJ did not discuss Dr. Mitchell's opinions in his decision. While the opinion was not legally sufficient to support a finding of disability alone, it should have been considered by the ALJ. The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). On remand, the ALJ shall evaluate and discuss Dr. Mitchell's opinion.

**Omission of Appeals Council Evidence from the Record**

Claimant also contends this Court cannot perform a meaningful *de novo* review of the ALJ's decision since the additional evidence provided to the Appeals Council was not included in the record on appeal. Defendant contends the evidence was properly omitted since

the Appeals Council found the records pertained to a time outside of the relevant period. Evidence that is new, material, and chronologically relevant may be submitted to the Appeals Council. Without the evidence in the record, this Court cannot review the Appeals Council's determination. <u>Chambers v. Barnhart</u>, 389 F.3d 1139, 1142 (10th Cir. 2004). This evidence should be included in the record in any further review in the future.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of February, 2015.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE